WILLIAM EMESLEY, Respondent, v. G. C. SMITH, Appellant.

Kansas City Court of Appeals, December 7, 1891.

1. **Trial Practice:** DEMURRER TO EVIDENCE. Though the evidence in this case may be unsatisfactory it is sufficient to justify the court in letting it go to the jury.

2. **Appellate Practice:** NO EXCEPTION, NO REVIEW: VERDICT. In this case no sufficient objection was made or saved to the introduction of evidence to warrant a review of the action of the court in respect thereto; nor can the verdict be said to be excessive.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*Brown & Craig,* for appellant.

The court erred in refusing to give 'the first instruction asked by defendants, in the nature of a demurrer to the evidence, for the following reasons: *First.* The court erred in permitting the plaintiff to prove statements made by the employment agent James. He was the agent of plaintiff and his associates, who paid him for his services in procuring the employment. *Second.* The court erred in permitting plaintiff to prove that work was closing down in Kansas City when he left there. He stated twice that he left on account of sickness. *Third.* For the same reason stated in the third point the verdict was excessive.

*Vories & Vories,* for respondent.

(1) The court properly overruled the demurrer to plaintiff's evidence, as there was evidence on the part of plaintiff tending to prove every material allegation in plaintiff's petition. *Groll v. Tower,* 85 Mo. 249, and cases cited ; *Moody v. Deutsch,* 85 Mo. 237, and cases cited ; *Smith v. Hutchinson,* 83 Mo. 683, and cases cited. (2) The instructions given on the part of plaintiff were proper and declared the law. *Moore v. Mountcastle,* 72 Mo. 605. (3) The statement of the witness James was properly admitted as a part of the *res gestæ. Robinson v. Walton,* 58 Mo. 380; *Peck v. Richey,* 66 Mo. 114; *Brooks v. Jameson,* 55 Mo. 505; *City of Chillicothe v. Raynard,* 80 Mo. 185; *Scoville v. Glasner,* 79 Mo. 449.

SMITH, P. J.—It was a suit brought before a justice of the peace by the plaintiff against the defendants to recover $150 alleged by the plaintiff to be due him under the contract entered into with, defendants whereby they engaged him to go from St. Joseph, in this state, to Junction City in the state of Kansas, and

Emesley v. Smith.

other points designated by defendants, to work for them as a brick mason for the period of thirty days, at $5 per day; that plaintiff in pursuance of the contract went to Junction City and offered his services and was ready and willing at all times to comply with his part of the contract; that defendants refused to give plaintiff employment as they had agreed to do, and refused to pay plaintiff the sum due him under the said contract, whereby he was deprived of employment and the results thereof to his damage, etc. At the trial the plaintiff adduced evidence tending to support the cause of action alleged. There was countervailing evidence introduced by defendants. The jury, under the instructions, found for the plaintiff. There was judgment from which defendants appealed.

I. The defendants contended that the trial court erred in refusing to give an instruction asked by them to the effect that under the evidence the plaintiff was not entitled to recover. There was some evidence, though by no means satisfactory, which, we think, was sufficient to justify the court in letting the case go to the jury. We cannot say there was no evidence introduced to support the verdict. This point must be ruled against defendants.

II. No objection was sufficiently made, or, if made, saved, to the introduction of any evidence offered by the plaintiff, to warrant a review by us of the action of the court in respect thereto. *Clark v. People's Loan Co.*, *ante*, p. 246. No objection is suggested to any instruction given for the plaintiff. The instructions given by the court in the case were quite ample, and covered every possible aspect of the case. Nor can we say that the verdict, which was for $50, was excessive. No error is perceived in the record calling for our interference.

The judgment is affirmed. All concur.